UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**DERRICK JEROME ALLEN (#295151)**         **CIVIL ACTION**

**VERSUS**

**KIP HOLDEN, ET AL.**         **NO. 10-0753-JJB-DLD**

**O R D E R**

The pro se plaintiff, an inmate incarcerated at the Louisiana State Penitentiary ("LSP"), Angola, Louisiana, filed this action pursuant to 42 U.S.C. § 1983 against Mayor Kip Holden, the City of Baton Rouge, the Director of the Louisiana Department of Public Works, Sheriff Greg Phares, Sheriff Elmer Litchfield, Sgt. Mike Herpich, Lt. Rock Perkins, Lt. Melissa Herpich, Sgt. Marento, Dpty Rudy Hyde, Ass't District Attorney Steven Danielson, Distict Attorney Doug Moreau, Judge Richard Anderson, Warden Willie R. Douglas, and an unidentified "John Doe" defendant, complaining that in March, 2007, while he was confined at the East Baton Rouge Parish Prison, he suffered a broken arm as a result of a slip and fall in the shower located at that facility. The plaintiff further complains that when he thereafter requested medical attention, his requests were initially denied, and when he was ultimately taken to the Earl K. Long Hospital on that date, prison officials subjected him to verbal abuse and failed to act so as to minimize his pain and discomfort. When he was returned to his housing unit, he was placed in segregated confinement in a cell which had no running water, and he complains that this was done in retaliation for a prior lawsuit filed by the plaintiff against prison officials. Finally, on May 31, 2007, the plaintiff was involved in a physical altercation with another inmate at the state courthouse because prison officials failed to protect him from such harm, and his resulting injuries were not properly attended to at that time. Instead, he was forced to proceed to trial in criminal court on that date, notwithstanding that he was in great pain and was unable to properly represent himself.

The plaintiff has neither paid the Court's filing fee in this case nor moved to proceed in forma pauperis herein.  Notwithstanding, the rules applicable to the granting by federal courts of in forma pauperis status to inmates in civil proceedings make clear that the plaintiff is not entitled to proceed as a pauper in this case.  These rules, set forth in 28 U.S.C. § 1915, provide, in pertinent part:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).  See also Adepegba v. Hammons, 103 F.3d 383 (5th Cir. 1996).

A review of the records of this Court reflects that the plaintiff has, on three or more prior occasions while incarcerated, brought actions or appeals in the federal courts which have been dismissed as frivolous, malicious, or for failure to state a claim.[1]  Accordingly, because the plaintiff is barred from proceeding in forma pauperis in this case,[2] he is required to pay the full amount of the Court's filing fee.  Therefore;

**IT IS ORDERED** that the plaintiff is hereby determined to be ineligible to proceed in forma pauperis in this case.

**IT IS FURTHER ORDERED** that the plaintiff is granted twenty-one (21) days from the date of this Order within which to pay $350.00, the full amount of the Court's filing fee.  Failure to pay

---

1. Cases filed by the plaintiff which have been dismissed by the federal courts as frivolous, malicious, or for failure to state a claim include, but are not limited to, Derrick Jerome Allen v. Michael R. Erwin, et al., Civil Action No. 99-0984-RET-SCR (M.D. La.), Derrick Jerome Allen v. Mary Morgan, et al., Civil Action No. 00-0091-RGJ-JDK (W.D. La.) (counting as two strikes because dismissed as frivolous in both the district and appellate courts, see Allen v. Morgan, 66 Fed.Appx. 526 (5th Cir. 2003)), Derrick Jerome Allen v. Tonya Shipp, et al., Civil Action No. 00-1269 (W.D. La.), Derrick Jerome Allen v. Louisiana Department of Public Safety and Corrections, et al., Civil Action No. 01-0409-JTT-APW (W.D. La.), Derrick Jerome Allen v. Theodore Johnson, et al., Civil Action No. 02-0884-FAL-JDK (W.D. La.), and Derrick Jerome Allen v. Iris Lott, et al., Civil Action No. 06-0384-RET-SCR (M.D. La.).

2. the Court finds that the allegations of the plaintiff's Complaint do not fall within the exception to the statute.

the Court's filing fee within 21 days shall result in the dismissal of the plaintiff's action without further notice from the Court.

     Signed in Baton Rouge, Louisiana, on November 17, 2010.

                                     **MAGISTRATE JUDGE DOCIA L. DALBY**