UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

DERRECK JEROME ALLEN (#295151)            CIVIL ACTION

VERSUS

KIP HOLDEN, ET AL.            NO. 10-0753-JJB-DLD

**O R D E R**

This matter comes before the Court on the plaintiff's Motion to Stay, rec.doc.no. 46, pursuant to which he seeks to delay a ruling on the pending Motion to Dismiss of defendant Judge Richard Anderson until the plaintiff can engage in discovery directed to this defendant. This motion shall be denied. In the pending Motion to Dismiss, the defendant state court judge asserts several defenses, among which is that he is entitled to absolute judicial immunity in connection with the plaintiff's claims, that the defendant (1) improperly compelled the plaintiff's appearance in state court on May 31, 2007, (2) failed to grant the plaintiff a continuance, (3) forced the plaintiff to proceed notwithstanding that the plaintiff was in great pain and in need of medical attention because of a confrontation with a co-inmate earlier in the day, and (4) retaliated against the plaintiff for the plaintiff's exercise of his right to represent himself in the criminal proceedings. Although the plaintiff makes the conclusory assertion that "he can properly refute the absolute immunity defense, ... [but only] if this Honorable Court allow the plaintiff to propound discovery on the judge first," this contention is not persuasive. "One of the purposes of immunity, absolute or qualified, is to spare a defendant not only unwarranted liability, but unwarranted demands customarily imposed upon those defending a long drawn out lawsuit." Siegert v. Gilley, 500 U.S. 226, 111 S.Ct. 1789, 114 L.Ed.2d 277 (1991). As a result, until the threshold immunity question is resolved, discovery generally should not be allowed. Id. See also, Rouser v. Johnson, 36 F.3d 90 (5th Cir. 1994). In the instant case, the plaintiff has not provided a copy of his proposed discovery and has not

provided any legal or factual basis for his assertion that discovery is necessary to refute or defend against the defendant's motion in this case. Accordingly,

**IT IS ORDERED** that the plaintiff's Motion to Stay, rec.doc.no. 46, be and it is hereby **DENIED.**

Signed in Baton Rouge, Louisiana, on June 14, 2011.

_____
**MAGISTRATE JUDGE DOCIA L. DALBY**