# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

**DERRICK JEROME ALLEN (#295151)**                               **CIVIL ACTION**

**VERSUS**

**KIP HOLDEN, ET AL.**                                           **NO. 10-0753-JJB-DLD**

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on June 14, 2011.

**MAGISTRATE JUDGE DOCIA L. DALBY**

**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

**DERRICK JEROME ALLEN (#295151)**  CIVIL ACTION

**VERSUS**

**KIP HOLDEN, ET AL.**  NO. 10-0753-JJB-DLD

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

This matter comes before the Court on the Motion to Dismiss of Acting Sheriff Greg Phares, Sheriff Elmer Litchfield, John Doe, Sgt. Mike Herpich, Lt. Rock Perkins, Lt. Melissa Herpich, Sgt. Marrento, Dpty Rudy Hyde and Warden Willie B. Douglas, rec.doc.no. 26. This motion is opposed.

The pro se plaintiff, an inmate incarcerated at the Louisiana State Penitentiary ("LSP"), Angola, Louisiana, filed this action pursuant to 42 U.S.C. § 1983 against Mayor Kip Holden, the City of Baton Rouge, the Director of the Louisiana Department of Public Works, Sheriff Greg Phares, Sheriff Elmer Litchfield, John Doe, Sgt. Mike Herpich, Lt. Rock Perkins, Lt. Melissa Herpich, Sgt. Marento, Dpty Rudy Hyde, Ass't District Attorney Steven Danielson, Distict Attorney Doug Moreau, Judge Richard Anderson and Warden Willie R. Douglas, complaining that in March, 2007, while he was confined at the East Baton Rouge Parish Prison, he suffered a broken arm as a result of a slip and fall in the shower located at that facility. The plaintiff further complains that medical attention was initially delayed and that when he was later taken to Earl K. Long Hospital on that date, prison officials subjected him to verbal abuse and failed to act so as to minimize his pain and discomfort. When he was returned to his housing unit, he was placed in segregated confinement in a cell which had no running water, and he complains that this was done in retaliation for a prior lawsuit filed by the plaintiff against prison officials. Finally, the plaintiff complains that on May 31, 2007, he was involved in a physical altercation with another inmate at the state courthouse because prison officials failed to protect him from harm, and his resulting injuries were not properly attended to at that time. Instead, he was forced to proceed to trial in criminal court on that date, notwithstanding

that he was in great pain and was unable to properly represent himself.

The moving defendants now seek dismissal of the plaintiff's claims against them, pursuant to Rule 12(b)(5) of the Federal Rules of Civil Procedure, asserting that there has been insufficient service of process as to them. "A 12(b)(5) motion is the proper vehicle for challenging the mode of delivery or the lack of delivery of the summons and complaint." Wright & Miller, <u>Federal Practice & Procedure: Civil 2d</u> § 1353, at 276-77 (2d ed. 1990). "When service of process is challenged, the serving party bears the burden of proving its validity ...." <u>Systems Signs Supplies v. U.S. Dept. of Justice</u>, 903 F.2d 1011 (5th Cir. 1990).

A review of the record in the instant case reflects that the Court directed the United States Marshal's Office to serve the defendants named herein, wherever found. <u>See</u> rec.doc.no. 11. Pursuant to normal procedure, the Marshal's Office then forwarded correspondence to the plaintiff directing him to provide service information by filling out a United States Marshal Form 285. The plaintiff returned the completed form to the Marshal's Office and indicated thereon that the Marshal should serve the defendants at the Governmental Building, 222 St. Louis Street, Suite 227, Baton Rouge Louisiana, or at the address of "their attorney", Tara L. Johnston, of Crawford Lewis, PLC., 450 Laurel Street, Suite 1600, Baton Rouge, Louisiana. <u>See</u> rec.doc.no. 21. It appears that the United States Marshal apparently then delivered the Summons and Complaint to one of these locations where "Stephani Thorne, Paralegal", on May 11, 2011, received and accepted the Summons and Complaint without any noted limitation.

Unless federal law provides otherwise, an individual may be served in accordance with the procedures utilized by the state for service of process or by (1) delivering a copy of the summons and complaint to the individual personally, (2) leaving a copy at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there, or (3) delivering a copy to an agent authorized by appointment or by law to receive service or process. Rule 4(e), Federal Rules of Civil Procedure. In the instant case, it appears clear that summons was not delivered personally to any of the defendants in question or to their respective dwelling places, and

there is no suggestion in the record that, as a "paralegal" at either of the addresses provided by the plaintiff, Stephani Thorne was appointed or authorized by law to accept service on behalf of the individual defendants. Further, it appears that Louisiana law also provides, in the absence of an authorized or appointed agent, that service must be made by delivery of the Complaint either to a defendant personally or to the defendant's domicile. See Drago v. Drago, 477 So.2d 786 (La. App. 5th Cir.), writ denied, 478 So.2d 1236 (La. 1985). Therefore, based on the record, it appears that service of process in this case did not comply with the provisions of Rule 4(e).

If a defendant is not served within 120 days after the filing of the Complaint, Rule 4(m) of the Federal Rules of Civil Procedure provides that the Court must (1) dismiss the action as to that defendant, without prejudice, (2) order that service be made within a specified time or, (3) upon a showing of good cause, extend the time for service for an appropriate period. In the instant case, a dismissal without prejudice would operate as a dismissal with prejudice inasmuch as the plaintiff's claims, if re-filed, would likely be found to be time-barred under applicable law. Rather than simply granting the instant motion for reasons of insufficiency of service of process, therefore, the Court believes it appropriate to construe the motion as a motion to quash service. Other courts have routinely treated motions filed pursuant to Rule 12(b)(5) as motions to quash service. See Wright & Miller, Federal Practice & Procedure: Civil 2d § 1353, at 286 (2d ed. 1990). Specifically, where the propriety of service is unclear, "the simplest solution ... is to quash process and allow plaintiff another opportunity to serve defendant." Id. at 289-90. The moving defendants in fact pray for this relief in the alternative. Accordingly, the Court recommends that the instant motion be construed as a motion to quash service and that, as such, the motion be granted, allowing the plaintiff an additional opportunity to properly serve the defendants. Upon acceptance of this recommendation, the Court will plan to direct the United States Marshal's Office to effect service upon the defendants by delivering copies of the Summons and Complaint to each defendant personally. A period of forty-five (45) days is believed to be an appropriate time period to allow the plaintiff to accomplish such service.

## RECOMMENDATION

It is recommended that the Motion to Dismiss of Acting Sheriff Greg Phares, Sheriff Elmer Litchfield, John Doe, Sgt. Mike Herpich, Lt. Rock Perkins, Lt. Melissa Herpich, Sgt. Marrento, Dpty Rudy Hyde and Warden Willie B. Douglas, rec.doc.no. 26, be construed as a motion to quash service and, as such, be granted, quashing service upon these defendants. It is further recommended that the plaintiff be allowed an additional period of forty-five (45) days from the date the District Judge rules on this Report and Recommendation to serve the unserved defendants, and that this matter be referred back for further proceedings.

Signed in Baton Rouge, Louisiana, on June 14, 2011.

**MAGISTRATE JUDGE DOCIA L. DALBY**