# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

**DERRICK JEROME ALLEN (#295151)**                    **CIVIL ACTION**

**VERSUS**

**KIP HOLDEN, ET AL.**                                           **NO. 10-0753-JJB-DLD**

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on August 15, 2012.

                                                         **MAGISTRATE JUDGE DOCIA L. DALBY**

**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

**DERRICK JEROME ALLEN (#295151)**                          **CIVIL ACTION**

**VERSUS**

**KIP HOLDEN, ET AL.**                                                       **NO. 10-0753-JJB-DLD**

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

This matter comes before the Court on the Motions to Dismiss of defendants Elmer Litchfield, Willie R. Douglas, Mike Herpich, Melissa Herpich and Rudy Hyde, rec.doc.nos. 105 and 112. These motions are opposed.

The pro se plaintiff, an inmate presently incarcerated at the Louisiana State Penitentiary ("LSP"), Angola, Louisiana, filed this action pursuant to 42 U.S.C. § 1983, asserting numerous claims against Mayor Kip Holden, the City of Baton Rouge, the Director of the Louisiana Department of Public Works, Sheriff Greg Phares, Sheriff Elmer Litchfield, Warden Willie R. Douglas, Sgt. Mike Herpich, Lt. Rock Perkins, Lt. Melissa Herpich, Sgt. Marrento, Dpty Rudy Hyde, East Baton Rouge Parish District Attorney Doug Moreau, East Baton Rouge Parish Ass't District Attorney Steven Danielson, East Baton Rouge Parish District Judge Richard Anderson, and an unidentified "John Doe" defendant. Pursuant to earlier Magistrate Judge's Report in this case, approved by the District Judge on October 5, 2011, see rec.doc.nos. 78 and 101, the plaintiff's claims asserted against Mayor Kip Holden, the City of Baton Rouge, the Director of the Louisiana Department of Public Works, District Attorney Doug Moreau, District Attorney Steven Danielson, and Judge Richard Anderson have been dismissed, as have the plaintiff's claims asserted against the remaining defendants except the plaintiff's claim that, between March 16 and June 1, 2007, the defendants, while acting in their individual capacities, forced him to live in segregated confinement

in a cell which had no running water.[1]

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, a Complaint is subject to dismissal if a plaintiff fails "to state a claim upon which relief can be granted." In Bell Atl. Corp. v. Twombly, 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007), and more recently, in Ashcroft v. Iqbal, 556 U.S. 662, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009), the Supreme Court clarified the standard of pleading that a plaintiff must meet in order to survive a motion to dismiss under Rule 12(b)(6). Specifically, "[f]actual allegations must be enough to raise a right to relief above the speculative level". Bell Atl. Corp. v. Twombly, supra. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, supra. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. Id. It follows that, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n] – that the pleader is entitled to relief.'" Id. Where a Complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of entitlement to relief." Id.

On a motion to dismiss for failure to state a claim under Rule 12(b)(6), the Court "must accept as true all of the factual allegations contained in the Complaint." Erickson v. Pardus, 551 U.S. 89, 127 S.Ct. 2197, 167 L.Ed.2d 1081 (2007). Further, "[a] document filed pro se is to be

---

[1] Defendants Greg Phares, Rock Perkins and Sgt. Marrento have not been served and have not participated in the instant motions. Specifically, attempts to serve these defendants at the East Baton Rouge Parish Prison have proven unsuccessful because defendants Phares and Marrento are no longer employed at that facility and because defendant Perkins is deceased. Nonetheless, the Court will address the plaintiff's claims asserted against these defendants pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A. These statutes authorize the Court to dismiss an action or claim brought in forma pauperis if satisfied that the action or claim is frivolous, malicious or fails to state a claim upon which relief may be granted. See Green v. McKaskle, 788 F.2d 1116 (5th Cir. 1986). See also Denton v. Hernandez, 504 U.S. 25, 112 S.Ct. 1728, 118 L.Ed.2d 340 (1992), citing Neitzke v. Williams, 490 U.S. 319, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989); Davis v. Scott, 157 F.3d 1003 (5th Cir. 1998); Hicks v. Garner, 69 F.3d 22 (5th Cir. 1995).

liberally construed ... and a pro se Complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Id. (citations omitted). Notwithstanding, the court need not accept "a legal conclusion couched as a factual allegation," or "naked assertions [of unlawful conduct] devoid of further factual enhancement." Id. (internal quotation marks omitted).

As pertinent to the claim remaining before the Court, the plaintiff complains that the cell to which he was assigned between March 16 and June 1, 2007, a period of approximately 2½ months, had no running water. Specifically, the plaintiff asserts that the "cell didn't have ... any drinking water, no water to wash his hands before or after eating, or to wash his hands after he used the restroom, no water to brush his teeth or wash his face [and] .... nothing but water to flush the toilet with."

Addressing first the defendants' contention that the plaintiff's claim is barred by the one year limitations period applicable to claims brought pursuant to 42 U.S.C. § 1983, the Court concludes that this argument is well-founded. Specifically, the law is well-settled that, inasmuch as there is no federal statute of limitations for claims brought under this statute, a federal court must borrow the forum state's general personal injury limitations period for such claims. Owens v. Okure, 488 U.S. 235, 109 S.Ct. 573, 102 L.Ed.2d 594 (1989). In Louisiana, the applicable period of limitations is one year. La. Civ. Code Art. 3492. Moreover, under federal law, a cause of action under 42 U.S.C. § 1983 accrues "when the aggrieved party has either knowledge of the violation or notice of facts which, in the exercise of due diligence, would have led to actual knowledge thereof." Piotrowski v. City of Houston, 51 F.3d 512 (5th Cir. 1995), quoting Vigman v. Community National Bank and Trust Co., 635 F.2d 455 (5th Cir. 1981). A plaintiff need not realize that a legal cause of action exists but must only have knowledge of the facts that support a claim. Id., citing Harrison v. United States, 708 F.2d 1023 (5th Cir. 1983). Specifically, "[t]he requisite knowledge that a plaintiff must have to begin the running of the limitations period 'is merely that of 'the facts forming the basis of his cause of action,' ... not that of the existence of the cause of action itself.'" Vigman

v. Community National Bank and Trust Co., supra.

In the instant case, the plaintiff was in possession of all pertinent factual information upon which his claim is based, at the latest, on June 1, 2007, at such time as he was removed from the referenced deficient cell and transferred from confinement at EBRPP. Accordingly, inasmuch as the plaintiff waited more than three years thereafter to institute the present litigation, his claim relative thereto is time-barred on its face. Although a defendant pleading a limitations defense under Louisiana law normally has the burden of establishing the elements of the defense, see Savoy v. St. Landry Parish Council, 2009 WL 4571851 (W.D. La., Dec. 1, 2009), when the face of the Complaint reflects that more than a year has passed since the events complained of, the burden of proof shifts to the plaintiff to show that the limitations period has been interrupted or tolled. Id.

In the instant case, the plaintiff has responded to the defendants' argument by asserting that, during the 3-year interval between June 1, 2007, and November 2, 2010 (the effective date of filing of his federal Complaint herein), he had pending before the state district court a timely-filed lawsuit against the same defendants relative to the same cause of action, and that the state court lawsuit interrupted the pertinent limitations period. However, while the plaintiff is correct that a state court lawsuit relative to the same defendants and the same cause of action may interrupt the one-year limitations period, a prerequisite for such interruption relative to a federal claim arising under § 1983 is that the state court lawsuit adequately assert the same federal claim.[2] See Ford v. Stone, 599 F.Supp. 693 (M.D. La. 1984), aff'd, 774 F.2d 1158 (5th Cir. 1985) (holding that the plaintiff's state court petition failed to sufficiently assert federal claims so as to interrupt the limitations period). See also Giles v. Ackal, 2012 WL 1458117 (W.D. La., March 27, 2012) (recognizing that a state

---

[2] Under Louisiana law, "[p]rescription is interrupted when ... the obligee commences action against the obligor, in a court of competent jurisdiction and venue." La. Civ. Code art. 3462. The comments to article 3462 explain that "[t]he filing of suit in a competent jurisdiction and venue interrupts any kind of prescription as to the causes of action therein sued upon, provided that the plaintiff is a proper party plaintiff and the defendant is a proper party defendant." La. Civ. Code art. 3462, Revision Comments (emphasis added).

court lawsuit interrupts the limitation period only "as to the causes of action filed in the earlier suit"); Kaufman v. Singer, 1999 WL 253522 (E.D. La., April 29, 1999) (holding that "[b]ecause no federal claims were raised in plaintiffs' state court lawsuit, prescription on such claims was not interrupted by the filing of that suit"); Joseph v. City of New Orleans, 1996 WL 293519 (E.D. La., May 29, 1996) (same); Brossette v. City of Baton Rouge, 837 F.Supp. 759 (M.D. La. 1993) (same).

A review of the plaintiff's state court pleadings, which he attached as an exhibit to rec.doc.no. 30, provides no indication whatever that he intended to assert a claim arising under § 1983 relative to the allegedly deficient cell.[3] Specifically, the plaintiff makes no reference in his original state court Petition to the federal Constitution or to the Eighth or Fourteenth Amendments and only refers to the defendants' "negligence" in causing the damages of which he complains.[4] Accordingly, it appears clear that the plaintiff's state court lawsuit did not interrupt prescription relative to his claim arising under § 1983, and the instant claim asserted against the defendants should therefore be dismissed as time-barred.[5]

---

[3] It is appropriate for the Court to consider documents filed by the plaintiff and relied upon him in addressing the instant motion to dismiss. See Howard v. King, 707 F.2d 215 (5th Cir. 1983); McGruder v. Phelps, 608 F.2d 1023 (5th Cir. 1979).

[4] Although the plaintiff complained in his state court Petition that his placement in the referenced cell instead of in the prison infirmary amounted to a violation of the Americans with Disabilities Act, 42 U.S.C. § 12101, et seq. ("ADA"), it appears clear that the plaintiff fails to state a claim or cause of action relative to this assertion. Specifically, the admitted reason for his placement in protective custody on March 16, 2007, was because he had just undergone surgery for a fractured elbow and was potentially vulnerable to harm at the hands of other inmates. The law is clear, however, that an episodic injury or temporary condition resulting from a surgical intervention does not give rise to a "disability" within the meaning of that Act. See pryor v. Trane Co., 138 F.3d 1024 (5th Cir. 1998). Thus, the ADA is not applicable to the plaintiff's claims in this proceeding.

[5] In an Amended Petition filed in state court, the plaintiff makes a conclusory reference to the Eighth Amendment to the United States Constitution and to unspecified "federal statutory or constitutional rights," see attachment to rec.doc.no. 30 at pp. 24-25. However, the Amended Petition only asserts claims and names defendants not pertinent to the claim currently before this Court. Specifically, the Amended Petition addresses only claims arising on May 31, 2007, when the plaintiff was allegedly transported from EBRPP to state court for sentencing in connection with then-pending criminal proceedings. Accordingly, the Amended Petition does not state a federal claim or cause of action relative to the plaintiff's allegedly wrongful placement in a cell without running water between March and June, 2007.

Further, in the alternative, it appears that a substantive review of the plaintiff's claims asserted against the various defendants would fare no better. Initially, it appears clear that the plaintiff's claim asserted against former Sheriff Elmer Litchfield is subject to dismissal. Specifically, this defendant apparently retired from his position as the Sheriff of East Baton Rouge Parish in December, 2006,[6] and so had no personal involvement in the claim before this Court relative to events allegedly occurring between March and June, 2007. In this regard, pursuant to well-settled legal principles, in order for a defendant to be found liable under § 1983, the defendant must either have been personally involved in conduct causing an alleged deprivation of the plaintiff's constitutional rights, or there must be a causal connection between the actions of the defendant and the constitutional violation sought to be redressed. <u>Lozano v. Smith</u>, 718 F.2d 756 (5th Cir. 1983). Any allegation that defendant Litchfield is responsible for the actions of subordinate officers or co-employees is insufficient to state a claim under § 1983. <u>Monell v. Department of Social Services</u>, 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978). Further, in the absence of direct personal participation by a supervisory official in an alleged constitutional violation, the plaintiff must allege that the deprivation of his constitutional rights occurred either as a result of a subordinate's implementation of the supervisor's affirmative wrongful policies, or as a result of a breach by the supervisor of an affirmative duty specially imposed upon him by state law. <u>Lozano v. Smith</u>, <u>supra</u>. Accordingly, inasmuch as defendant Litchfield was not the Sheriff of East Baton Rouge Parish during the events complained of by the plaintiff herein, there is no basis for the imposition of liability against this defendant.[7]

Turning to the plaintiff's claim asserted against Greg Phares, who was the acting Sheriff of

---

[6] The Court takes judicial notice of the fact that defendant Elmer Litchfield retired as Sheriff in December, 2006, and that defendant Greg Phares was the acting Sheriff of East Baton Rouge Parish at the time of the events complained of. The Court further takes judicial notice of the fact that defendant Phares was thereafter defeated in a bid to become Sheriff by current Sheriff Sid Gautreaux in an election held in November, 2007.

[7] The Court further notes that defendant Litchfield is deceased, having apparently died on August 2, 2008.

East Baton Rouge Parish during the relevant time period, the Court concludes that this claim fares no better.[8] Specifically, the plaintiff includes no allegations whatever relative to the personal involvement of Sheriff Phares in the events complained of or relative to the defendant's personal awareness of any deficiency in the plaintiff's assigned housing location. It is clear that, as acting Sheriff of the Parish of East Baton Rouge, this defendant principally had supervisory authority with respect to the East Baton Rouge Parish Prison and its day-to-day operations. This is further made clear from the pertinent allegation in the plaintiff's Complaint, at paragraph 30 thereof, which states generally that "[t]he sheriff and his employees who work at the prison, ha[d] a duty and responsibility to do a work order on any maintenance problems in the jail ... so said problem(s) [could] be fixed immediately." (Emphasis added). Inasmuch as the defendant Sheriff did not himself work at the prison, however, inasmuch as the Sheriff may not be found vicariously liable under § 1983 for any alleged wrongdoing by "his employees who work at the prison", and inasmuch as the plaintiff has failed to allege that defendant Phares was personally aware of the alleged absence of running water in the plaintiff's assigned cell, there can be no liability resulting from the defendant's alleged failure to take action to correct this deficiency or to move the plaintiff to another cell.

Turning to the plaintiff's allegations relative to defendants Sgt. Marrento, Rudy Hyde and Melissa Herpich, the Court concludes that these defendants are also entitled to dismissal in connection with the plaintiff's claim that he was forced to live without running water for a period of 2½ months.[9] Specifically, the plaintiff implicitly concedes, in paragraph 30 of the original Complaint,

---

[8] Although Sheriff Phares has not been served with process in this proceeding, the Court is authorized to dismiss the plaintiff's claim asserted against this defendant for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. §§ 1915(e) and 1915A. See note 1, supra.

[9] Although Sgt. Marrento has not been served with process in this proceeding, the Court is authorized to dismiss the plaintiff's claim asserted against this defendant for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. §§ 1915(e) and 1915A. See note 1, supra.

that these defendants were not personally involved in the decision to place him in the referenced cell or in the failure to thereafter correct the problem or remove him to a more appropriate location.[10] Instead, these defendants were involved only in events which allegedly occurred on May 31, 2007, one day before he was transferred from EBRPP, which events relate to claims which have since been dismissed from this proceeding. Specifically, the plaintiff alleges, as to defendants Marrento and Hyde, that these defendants were only involved in transporting the plaintiff to and from the prison on that date and, as to defendant Melissa Herpich, that she is the "supervisor over the transportation dept. at the prison," see rec.doc.no. 106. Thus, there is no basis for concluding that defendants Marrento, Herpich and Hyde were in any way directly or personally involved in the placement of the plaintiff in the allegedly deficient cell in March, 2007, or in the alleged failure to take action to remedy the situation thereafter. Accordingly, these defendants are entitled to dismissal from this proceeding as a matter of law.

Finally, with regard to the plaintiff's claim asserted against the remaining defendants, Warden Willie Douglas, Sgt. Mike Herpich and Lt. Rock Perkins, this claim implicates the plaintiff's right, under the Fourteenth Amendment, not to be subjected to punishment in the form of unconstitutional conditions of confinement.[11] In this regard, it has been held that "[t]he Constitution

---

[10] In paragraph 30 of the original Complaint, the plaintiff names the defendants allegedly responsible for his placement in the deficient cell and does not include defendants Sgt. Marrento, Rudy Hyde or Melissa Herpich as having been involved in that violation.

[11] Inasmuch as the plaintiff in this case was, at all times pertinent hereto, a pretrial detainee and not a convicted felon, his constitutional rights flow from the Due Process Clause of the Fourteenth Amendment instead of from the Eighth Amendment's prohibition against cruel and unusual punishment. Hare v. City of Corinth, 74 F.3d 633 (5th Cir. 1976) (en banc), citing Bell v. Wolfish, 441 U.S. 520, 99 S.Ct. 1861, 60 L.Ed.2d 447 (1979). When faced with analyzing constitutional challenges made by pretrial detainees, courts have applied different tests, depending upon whether the challenges were classified "as an attack on a 'condition of confinement' or as an [attack on an] 'episodic act or omission.'" Scott v. Moore, 114 F.3d 51 (5th Cir. 1997) (en banc), quoting Hare, supra. Challenges to general conditions of confinement require the application of "the reasonable relationship test of Bell v. Wolfish, [supra]." Under that test, "a constitutional violation exists only if [the Court finds] that the condition of confinement is not reasonably related to a legitimate, non-punitive governmental objective." Id. On the other hand, if the complained-of harm is a particular act or omission by one or more officials, the action is characterized as an "episodic act or omission" case. See Hare, supra. To prove a violation of constitutional rights in

does not mandate comfortable prisons ... but neither does it permit inhumane ones." See Harper v. Showers, 174 F.3d 716 (5th Cir. 1999), citing Woods v. Edwards, 51 F.3d 577 (5th Cir. 1995). The prohibition against cruel and unusual punishment requires that prisoners be afforded humane conditions of confinement and that they receive adequate food, shelter, clothing and medical care. Herman v. Holiday, 238 F.3d 660 (5th Cir. 2001). A constitutional violation only occurs only when the conditions to which an inmate is subjected are so serious as to deprive him of the "minimal civilized measure of life's necessities" and when the defendants have exhibited deliberate indifference to the inmate's health or safety. Id. In the instant case, although access to drinking water is a basic human need which may not arbitrarily be denied, see, e.g., Seal v. Harrison County, Mississippi, 2010 WL 2545406 (S.D. Miss., June 18, 2010) (denying summary judgment to defendants where inmate alleged that he had no running water in his cell and was provided with only a little liquid over a two-day period), the plaintiff has not alleged that he was not provided with any water to drink, only that he did not have running water in his cell. Further, and more importantly, the plaintiff has made no allegation whatever that he suffered any harm in fact as a result of the deprivation alleged. Pursuant to 42 U.S.C. § 1997e(e), an inmate plaintiff is barred from recovery of monetary damages resulting from mere mental and emotional injury in the absence of a showing of a physical injury. Accordingly, in the absence of any showing or any allegation of physical injury, the plaintiff is not entitled to relief in this proceeding.

Although the plaintiff seeks to invoke the supplemental jurisdiction of this court, district

---

connection with an episodic act or omission case, a detainee must establish that prison officials acted with subjective deliberate indifference as set forth in Farmer v. Brennan, 511 U.S. 825, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994). As stated in Farmer, "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference."

In the instant case, the plaintiff's claim that the defendants forced him to live in a cell for 2½ months without running water should be analyzed under the "conditions of confinement" standard. In any event, the courts have held that the reasonable relationship test applicable to conditions claims is "functionally equivalent" to the deliberate indifference test applicable to episodic claims. See Scott v. Moore, supra. Thus the Farmer v. Brennan deliberate indifference standard is the appropriate standard for review of the plaintiff's claim in the instant case.

courts may decline to exercise supplemental jurisdiction over a plaintiff's state law claims if the claims raise novel or complex issues of state law, if the claims substantially predominate over the claims over which the district court has original jurisdiction, if the district court has dismissed all claims over which it had original jurisdiction, or for other compelling reasons. 28 U.S.C. § 1367. In the instant case, in light of the Court's recommendation that the plaintiff's federal claims asserted against the defendants be dismissed, the Court concludes that it is appropriate for the Court decline to exercise supplemental jurisdiction over the plaintiff's state law claims asserted herein.

## RECOMMENDATION

Based on the foregoing, it is recommended that the Court decline to exercise supplemental jurisdiction over the plaintiff's state law claims and that the Motions to Dismiss of defendants Elmer Litchfield, Willie R. Douglas, Mike Herpich, Melissa Herpich and Rudy Hyde, rec.doc.nos. 105 and 112, be granted, dismissing the plaintiff's claims asserted against these defendants, with prejudice. It is further recommended that the plaintiff's claims asserted against defendants Greg Phares, Rock Perkins and Sgt. Marrento be dismissed, with prejudice, for failure of the plaintiff to state a claim upon which relief may be granted as to these defendants pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A, and that this action be dismissed.

Signed in Baton Rouge, Louisiana, on August 15, 2012.

                                                             _____
                                                             **MAGISTRATE JUDGE DOCIA L. DALBY**